FILED

2013 Nov-26  AM 08:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ALABAMA

## <u>SOUTHERN DIVISION</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | **2:13-CR-154-SLB-JEO** |
| | ) | |
| **CLIFTON LAMAR DODD** | ) | |

## <u>SENTENCING MEMORANDUM</u>

COMES NOW the United States of America, by and through its Counsel, Joyce White Vance, United States Attorney for the Northern District of Alabama, by and through Michael W. Whisonant, Sr., Assistant United States Attorney, and submits this Sentencing Memorandum recommending a sentence of 135 months in the above styled case and says as follows:

1.     On October 9, 2013, the defendant was convicted after a jury trial of all counts in a seven count Indictment.  The Indictment charged the following violations:

**Count One:**   Conveying False Information and Perpetuating a Hoax (Anthrax) in violation of 18 U.S.C. § 1038(a)(1)(A);

**Counts Two, Three, and Seven:**  Mailing Threatening Communications (Extortion/Threat to Injure) in violation of 18 U.S.C. § 876(b);

**Counts Four, Five, and Six:** Mailing Threatening Communications (Threat to Injure) in violation of 18 U.S.C. § 876(c).

2.     On November 6, 2013, the Presentence Investigation Report was disclosed to the parties. On November 22, 2013, the report was revised.   The government has no objections to the revised report.

3.     The Offense Conduct set out in Paragraphs 2 through 39 is consistent with the testimony presented at trial.  The government respectfully submits that the Court adopt the facts as written in the Presentence Investigation Report as its factual findings.

4.     The Presentence Investigation Report calculates the defendant's Total Offense Level as 29.   (Paragraph 61)   His Criminal History Category is III. (Paragraph 68) The resulting sentencing guideline range is 108 to 135 months. (Paragraph 107)   The government agrees with the guideline calculations in the report and submits they have been correctly calculated.   The government respectfully submits that the Court adopt the guideline calculations contained in the report.

5.     The government respectfully recommends that the Court sentence the defendant as follows:

A.      to a term of 135 months imprisonment to be served consecutively to the sentence handed down in case 2:10-CR-156-AKK-JEO;

B.      following the said term of imprisonment, that the defendant be placed on supervised release for a period to be determined by the Court with the following Special Conditions;

      1. that the defendant attend mental health counseling and treatment as directed by his Supervising Probation Officer; and

      2. that the defendant be gainfully employed or seek gainful employment under the supervision of his Supervising Probation Officer.

C.      the defendant pay a Special Assessment Fee of $700, which is due and owing immediately; and

D.      the defendant pay restitution in the amount of $1,693.58 to:

      City of Birmingham Fire and Rescue Department
      1808 North 7th Avenue
      Birmingham, Alabama  35203
      RE:  Cost for Hazardous Material Unit dispatched on
      April 4, 2011, to Jefferson County Courthouse.

6.      A sentence of 135 months is warranted in this case.  The attempts by Dodd to manipulate the Criminal Justice system to escape punishment and falsely accuse innocent person's makes a sentence at the upper end of the sentencing

guideline range appropriate and necessary to convey the seriousness of this crime and to promote respect for the law.

7.     At the time of the present offense Dodd was in pretrial custody awaiting a trial in this district in case number 2:10-CR-156-AKK-JEO.  In that case Dodd was charged with mailing twenty-three (23) anthrax hoax letters and one count of conspiracy to mail anthrax hoax letters.  On December 1, 2011, Dodd was sentenced to 51 months custody.

8.     At trial the government called two cooperating witnesses who testified about Dodd's scheme in this case.  Shannon Williams testified that Dodd solicited his help to mail a package of letters out of the Calhoun County Jail where they were both incarcerated.  This package contained the letters which are named in Counts Two through Six of the Indictment.  Williams said that Dodd told him that he (Dodd) was mailing the threat letters because he was going to "beat the feds". Dodd said he wasn't going to take the deal that he had previously been offered by the feds.  Dodd believed that once the letters were received that within two weeks the feds were going to come to him with a deal that would get him released from his current charges.  Dodd believed he was going to be so valuable to the feds that they had to come to him for help.

9.     Brian Lindsey testified that Dodd approached him while they were both in the Calhoun County Jail prior to the trial in this case.  Lindsey testified that on about July 14th or 15th, 2013, Dodd asked Lindsey to testify at Dodd's trial. Dodd wanted Lindsey to testify that Dodd did not write the letters charged in the Indictment.  Dodd wanted Lindsey to say that Dodd was being framed by the same person who framed him (Dodd) in 2011.  Dodd wanted Lindsey to say that Dodd was innocent and that the government was only charging him because of his prior convictions.   In exchange for Lindsey's testimony, Dodd said he would pay Lindsey ten thousand dollars ($10,000).  When Lindsey asked Dodd where he was going to get that kind of money, Dodd said that we would pay him with funds he received as a result of the lawsuit he (D0dd) was going to bring against the government.   Lindsey said Dodd showed him a letter addressed to "Mr. Scott Cooger".  Dodd also told Lindsey that he had altered his handwriting on the letters in an effort to disguise his handwriting.

10.     Dodd was correctly assessed a 2 level adjustment for obstruction of justice because  he lied at trial when he said that he did not write or cause the letters to be mailed.  (Paragraph 53)  That testimony was contradicted by numerous witnesses.  The jury did not believe Dodd as they found him guilty of all counts despite his testimony.

11.   Dodd's disrespect for law is apparent from his not only his willingness to perjure himself, but also by identifying an innocent person as the author.  Dodd's disrespect for the legal system is further highlighted by Dodd's solicitation of Lindsey to lie at Dodd's trial.  Dodd's actions amounted to an attempted Subornation of Perjury in violation of Title 18, U.S.C. §1622.  This uncharged criminal conduct is an important factor to be considered when the Court determines an appropriate sentence in this case.

12.   Dodd is a recidivist who has little regard for how his conduct might affect his victims.  His only interest appears to be how he can help himself, regardless of the cost to others.  He was arrested for sending hoax anthrax letters through the mails in April of 2010, but before he could be tried on that case he violated the same statute and committed similar crimes.   A sentence at the high end of the sentencing guideline range will both protect the public from further criminal conduct by Dodd, as well as deter others who might want to commit similar crimes.

13.   A sentence of 135 months is sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553.  There are no mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by

the Sentencing Commission in formulating the guidelines that would result in a lesser sentence.

14.    Lastly we ask that in imposing a sentence in this case the Court remember the innocent victims Dodd chose in this case:

Count One:    Deputy District Attorney Teresa McClendon;

Count Two:  U.S. District Judge L. Scott Coogler;

Count Three:  Jefferson County Circuit Judge Tommy Nail;

Count Four:  James "Jim" O'Kelly, Esquire;

Count Five:  Sheila Weil, Esquire;

Count Six:  Michael Bole; and

Count Seven:  Jim Prueitt.

Respectfully submitted this the 26th day of November, 2013.


**JOYCE WHITE VANCE**
United States Attorney


/s/
**MICHAEL W. WHISONANT, SR.**
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing has been served on the defendant by emailing a copy of same, this the 26th day of November, 2013, to his attorney of record, P. Russell Steen at the following email address: russ_s@live.com.

/s/
**MICHAEL W. WHISONANT, SR.**
Assistant United States Attorney

8