Case 2:13-cr-00154-SLB-JEO   Document 47   Filed 12/20/13   Page 1 of 6

FILED
2013 Dec-20 PM 02:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

    v.                                                    Case Number  2:13-CR-0154-SLB

CLIFTON LAMAR DODD
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, CLIFTON LAMAR DODD, was represented by Russell Steen.

The defendant was found guilty on counts 1, 2, 3, 4, 5, 6, and 7 after a plea of not guilty. Accordingly, the defendant is adjudged guilty of the following counts, involving the indicated offenses:

| Title & Section | Nature of Offense | Count Numbers |
|---|---|---|
| 18 U.S.C. § 1038(a)(1)(A) | Conveying False Information and Perpetuating a Hoax | 1 |
| 18 U.S.C. § 876(b) | Mailing Threatening Communications (Extortion/Threat to Injure) | 2, 3, and 7 |
| 18 U.S.C. § 876(c) | Mailing Threatening Communications (Threat to Injure) | 4, 5, and 6 |

As pronounced on December 17, 2013, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $700.00, for counts 1, 2, 3, 4, 5, 6, and 7, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 20th day of December, 2013.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

Case 2:13-cr-00154-SLB-JEO   Document 47   Filed 12/20/13   Page 2 of 6

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 6

Defendant:  CLIFTON LAMAR DODD
Case Number:  2:13-CR-0154-SLB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED THIRTY-FIVE (135) months as to each of counts 2, 3, and 7 separately; for a term of SIXTY (60) months as to each of counts 1, 4, 5, and 6 separately.  The sentences under each count in this case shall run concurrently with each other, but consecutive to the sentence imposed under case number 2:10-cr-0156-AKK.

The Court makes the following recommendation to the Bureau of Prisons: that the defendant be evaluated for participation in a mental health treatment program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 6

Defendant:  CLIFTON LAMAR DODD
Case Number:   2:13-CR-0154-SLB

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 36 months. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state or local crime; specifically, the defendant shall not illegally possess a controlled substance and shall not own or possess a firearm or destructive device.
2) The defendant shall not leave the judicial district without permission of the Court or probation officer.
3) The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
4) The defendant shall answer truthfully all inquiries by the probation officer, shall provide the probation officer access to requested financial information, and shall follow the instructions of the probation officer.
5) The defendant shall support his or her dependents and meet other family responsibilities.
6) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) The defendant shall notify the probation officer ten (10) days prior to any change in residence or employment. (On change of residence to a new jurisdiction of a person convicted either of a crime of violence or of a drug trafficking offense, the Probation Office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b).)
8) The defendant shall refrain from excessive use of alcohol, except that a defendant while in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) shall consume no alcohol. The defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
9) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
14) The defendant shall comply with any directions from the probation officer to serve notice of third party risks the defendant may pose, and shall cooperate with the officer's efforts to confirm compliance.
15) The defendant shall comply with the probation office's Policies and Procedures Concerning Court Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case. Further, the defendant shall notify the probation office of any change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine, restitution, or assessment fee. If the defendant becomes more than 60 days delinquent in payments of financial obligations, the defendant may be (a) required to attend a financial education or employment preparation program under the administrative supervision the probation officer, (b) placed on home confinement subject to electronic monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (with the defendant to pay the cost of monitoring unless the probation officer determines that the defendant does not have the ability to do so), and/or (c) placed in a community corrections center for up to 180 days under the administrative supervision of the probation officer (with the defendant to pay the cost of subsistence unless the probation officer determines that the defendant does not have the ability to do so).
16) Unless excused by a special condition of probation or supervised release in the Judgment or by a subsequent court order, the defendant shall comply with 18 U.S.C. § 3563 (a) (probation) or § 3583 (d) (supervised release) regarding mandatory drug testing (with the defendant to contribute to the cost of drug testing unless the probation officer determines that the defendant does not have the ability to do so). A positive urinalysis may result in the defendant's placement in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) under the administrative supervision of the probation officer.

Case 2:13-cr-00154-SLB-JEO   Document 47   Filed 12/20/13   Page 4 of 6

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Judgment--Page 4 of 6

Defendant: CLIFTON LAMAR DODD
Case Number: 2:13-CR-0154-SLB

## CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE

(17) Upon imposition of the special condition by the Court or upon a court order entered during the period of probation or supervision for good cause shown, the defendant shall be placed in the Drug and Alcohol Intensive Counseling and Aftercare Service Program (DAICASP) (or comparable program in another district) based upon a history of drug or alcohol abuse, a positive urinalysis, or evidence of excessive use of alcohol. This program includes (a) testing by the probation officer or an approved vendor to detect drug or alcohol abuse; (b) a drug treatment program which includes education, individual or group counseling, or residential treatment, provided by the probation office or an approved vendor; (c) placement in a community corrections center (halfway house) for up to 270 days; and/or (d) home confinement subject to electronic monitoring for up to 180 days. Participation in the program shall be under the administrative supervision of the probation officer, and the defendant shall contribute to the costs of participation unless the probation officer determines that the defendant does not have the ability to do so.

(18) The defendant may be placed in the probation office's computer restriction/monitoring program (or comparable program in another district) by virtue of a special condition of probation or supervised release contained in the Judgment. This program may include the following: (a) The defendant shall not possess or use any computer or portable electronic device which has the capability of communicating with any other electronic device without the prior approval of the probation officer or the Court. This includes, but is not limited to, any computer, personal digital assistant, satellite equipment, cellular telephone, or services such as computer on-line bulletin board services and/or internet service. The defendant shall notify the probation officer before altering or effecting repairs to any computer he uses. (b) The defendant shall permit the probation officer to conduct periodic, unannounced examinations of any computer and computer-related equipment the defendant uses, other than equipment owned by his/her employer that is maintained at a place of employment other than the defendant's home. The examination may include the retrieval and copying of all data from the computer, and internal or external peripheral equipment, and any software. (c) The defendant, under the administrative supervision of the probation officer, shall allow, at his expense, the installation of any hardware/software on any computer system he uses, other than equipment owned by his employer, to monitor his/her computer use (and/or to prevent access to prohibited materials), and he/she shall submit to such monitoring. The defendant shall consent to the placement of a notice on any computer upon which monitoring hardware/software is installed to warn others of the existence of the monitoring. (d) The defendant shall not use any computer or computer-related equipment owned by his/her employer except for strict benefit of his employer in the performance of his/her job-related duties. (e) The defendant shall consent to third-party disclosure to any employer or potential employer of any computer-related restrictions which have been imposed upon him/her. (f) The defendant shall provide the U.S. Probation Office with accurate information about all hardware and software which comprise any computer system he/she uses; all passwords used by the defendant, and information pertaining to all internet service providers used by the defendant, whether specifically subscribed by the defendant or not. The defendant shall provide written authorization for release of information from the defendant's internet service provider. (g) The defendant shall furnish his/her personal and business telephone records to the probation officer upon request. Furthermore, the defendant shall provide the probation officer with written authorization for release of information from the defendant's telephone service provider. (h) The defendant shall not possess or use any type of data encryption or stenography software or technique. The defendant shall not alter, delete, or hide records pertaining to computer access, retrieval, or storage.

(19) The defendant shall cooperate in the collection of DNA under the administrative supervision of the probation officer.

(20) If ordered to a period of supervised release after incarceration, the defendant shall report in person, within 72 hours of release from the custody of the Bureau of Prisons, to the probation office in the district where the defendant is released.

(21) For a defendant convicted for the first time of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall attend a public, private, or private non-profit offender rehabilitation program approved by the court and under the administrative supervision of the probation office, if an approved program is available within a 50-mile radius of the defendant's legal residence.

(22) For any defendant required to register under the Sex Offender Registration and Notification Act, the defendant shall comply with the terms of the Act under the administrative supervision of the probation officer. Specifically, the defendant, if convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation office, and shall register as a sex offender in any State where the defendant resides, is employed, carries on a vocation, or is a student.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 5 of 6

Defendant:  CLIFTON LAMAR DODD
Case Number:   2:13-CR-0154-SLB

**SPECIAL CONDITIONS OF SUPERVISION**

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not incur any new debts (other than normal debts for utilities and rental expenses, or mortgage payments) or open any new lines of credit without permission of the probation officer unless the defendant is in compliance with the payment of any monetary obligations ordered.
2) The defendant shall participate, under the administrative supervision of the probation officer, in mental health rehabilitation programs. The defendant shall contribute to the cost of mental health treatment unless the probation officer determines that the defendant does not have the ability to do so.

Case 2:13-cr-00154-SLB-JEO   Document 47   Filed 12/20/13   Page 6 of 6

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 6 of 6

Defendant:  CLIFTON LAMAR DODD
Case Number:   2:13-CR-0154-SLB

# RESTITUTION AND FORFEITURE

### RESTITUTION

The court, pursuant to the Victim and Witness Restitution Act, finds that the following is a victim of defendant's criminal conduct and has sustained loss in the indicated amount and orders restitution by the defendant as follows:

| Name & address of payee | Amount |
|---|---|
| City of Birmingham Fire and Rescue Department<br>1808 North Seventh Avenue<br>Birmingham, AL   35203<br>Re: Cost for Hazardous Material Unit dispatched on 4/4/11 to<br>Jefferson County Courthouse | $1,693.58 |

Payments of restitution, without interest, are to be made to Clerk, U. S. District Court, for transfer to the payee.

During the period of incarceration, the defendant is to make payments of $50 per quarter.  Upon release from imprisonment, any remaining balance shall be paid in monthly payments during the period of supervision in accordance with the financial guidelines previously approved by the court for use in this district and administered by the probation office.  Payment in full is due no later than the end of the defendant's term of supervision.