```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION


UNITED STATES OF AMERICA,         2:13-CR-154-SLB-JEO

              V.                  Birmingham, Alabama

CLIFTON LAMAR DODD,               December 17, 2013

         Defendant.               12:10 p.m.

* * * * * * * * * * * * * * * * * * * * * * * *



             REPORTER'S OFFICIAL TRANSCRIPT OF
                         SENTENCING


       BEFORE THE HONORABLE SHARON LOVELACE BLACKBURN
                 UNITED STATES DISTRICT JUDGE
```

COURT REPORTER:

Julie A. Martin, RMR, CRR
Federal Official Court Reporter
1729 Fifth Avenue North, Ste 325
Birmingham, Alabama  35203

```
 1                        *  *  *  *  *

 2                     A P P E A R A N C E S

 3                        *  *  *  *  *

 4   FOR THE UNITED STATES:

 5   Michael Whisonant
     Chinelo Dike-Minor
 6   1801 4th Avenue North
     Birmingham, Alabama   35203
 7

 8   FOR THE DEFENDANT:

 9   P. Russell Steen
     2172 Pelham Parkway
10   Pelham, Alabama   35124
```

```
                          * * * * *
                       P R O C E E D I N G S
                          * * * * *
```

THE COURT: We're here this morning in the case of United States of America versus Clifton Lamar Dodd, CR-13-154. Mr. Steen, have you can your client had 35 days in which to review the presentence report?

MR. STEEN: We have, Your Honor.

THE COURT: There was one objection, but it looks like that's been resolved; is that correct?

MR. STEEN: It has, Your Honor.

THE COURT: Do you have any other objections to the contents of the presentence report?

MR. STEEN: Your Honor, the only other objection -- I guess this is the proper time to bring it up -- under the obstruction of justice enhancement that he is given in the PSR.

THE COURT: What number is that?

MR. STEEN: Paragraph 53, Your Honor.

THE COURT: Well, do you have any argument you want to make on that?

MR. STEEN: The only argument I would like to make, Your Honor, is just because it's recited in the PSR, case law has kind of dictated that the court needs to find that the false statements or the perjury or the

1  actions contained within that would be a material fact
2  to the case.
3          THE COURT:  Right.
4          MR. STEEN:  And that's our objection.  See, I
5  really didn't know if I needed to object to it now or if
6  it was at a time that --
7          THE COURT:  I think this is when you need to
8  object to it.
9          MR. STEEN:  If there wasn't a material fact
10 brought out, then that would be the time, Your Honor, so
11 I'm asking the court's guidance on that.
12         THE COURT:  All right.  Was that the defendant
13 coughing?  We're going to get you some water.
14         THE DEFENDANT:  Thank you, ma'am.
15         THE COURT:  All right.  The probation office
16 applied a two-level enhancement for obstruction of
17 justice pursuant to Section 3C1.1, which provides that
18 if the defendant willfully obstructed or impeded or
19 attempted to obstruct or impede the administration of
20 justice with regard to the prosecution of the instant
21 offense of conviction.
22         In the commentary, it provides that examples of
23 covered conduct would be committing perjury.  I find
24 that the defendant did commit perjury.  It was perjury
25 as to a material fact in the proceedings.  I take notes

1  during the testimony, and I'm sure I didn't write down
2  everything that was pertinent during the defendant's
3  testimony, but I will just list some of the things that
4  are in my notes that I find were willfully made and
5  knowingly made, and these were willful obstructions as
6  to material facts.
7          He wrote that he had never seen the letters.
8  He did not write the letters.  I find that was perjury
9  on the defendant's part.  He did not write the letter to
10 Jim Preuitt.  I find that is perjury on the defendant's
11 part.
12         Going through all the counts, and I assume you
13 were going through each one of the counts with the
14 defendant on examination, and my notes reflect defendant
15 denied writing all the letters in the counts.  And my
16 finding that he willfully obstructed justice and that he
17 committed perjury is not based on the jury's verdict.
18 They obviously found that he committed perjury, too, but
19 I personally believe based on the evidence in the case,
20 with regard to the testimony I just stated, that he did
21 commit perjury, that these were material facts and that
22 it was an attempt by him to willfully obstruct the
23 administration of justice.
24         So I overrule your objection to the enhancement
25 and find, based on my review and consideration of all

1  the evidence, that the defendant committed perjury
2  during his trial, which was an obstruction of justice or
3  an attempt to obstruct justice.
4          MR. STEEN:  Your Honor, that would be all the
5  objections that we would have.  The other one was
6  resolved.
7          THE COURT:  Thank you.  Having ruled on the
8  objections, the court adopts the factual statements
9  contained in the presentence report and makes specific
10 findings that the Guidelines Offense Level is 29.  The
11 Criminal History Category is III.  The Advisory
12 Guideline Imprisonment Range is from 108 months to 135
13 months.  The supervised release period is from one to
14 three years, and the fine range is from 15,000 to
15 $150,000.  Restitution is an issue in this case.
16         Mr. Steen, if you and Mr. Dodd would come to
17 the podium.  By the way, I do want to state -- Mr. Dodd,
18 you need to stay behind the podium.  One other thing,
19 those are not the only instances of the defendant's
20 attempt to obstruct justice in this case.  I just listed
21 some of the more obvious ones.
22         Mr. Steen, do you or Mr. Dodd have anything to
23 say in mitigation or otherwise before the court
24 pronounces sentence?
25         MR. STEEN:  Your Honor, I would just like to

```
 1  say on his behalf that I don't know if this was
 2  something that was committed to try to help someone else
 3  out.  It's hard to say.  I do believe though that in his
 4  mind he thought that he was trying to help Michael Bole
 5  out by doing some of these actions.  That is not an
 6  excuse, but I think that is more of his linkage to this
 7  is trying to help out someone other than doing this on
 8  his own in these cases that the court heard trial on in
 9  October, Your Honor.
10           THE COURT:  I didn't hear the last thing you
11  said.  I'm sorry.
12           MR. STEEN:  On these cases that you heard in
13  October, Your Honor, that that was the case of the
14  letters that were sent out.
15           THE COURT:  Mr. Dodd, is there anything you
16  would like to say before sentence is imposed?
17           THE DEFENDANT:  Yes, ma'am.  I would like to
18  say I apologize for all this that happened, but I've
19  done a lot of things in my life, I've done a lot of
20  crimes.  I've done a couple little things.  When I was a
21  kid, you know, I set a couple of fires and burned a few
22  houses and stuff like that.  And most of the time just
23  simply for joy or for money or something like that.
24           In my first case, part of the issue was my
25  fault.  I do know that.  And in this situation, the only
```

1  thing that I am responsible for was trying to help
2  Michael Bole out in the first case, on the first
3  letter.  I did not write the letter.  I had nothing to
4  do with the letter.  The other part is out of my hands.
5          I've done many things in my life.  I take
6  responsible for anything I have done, but I can't accept
7  responsibility for something I didn't have anything to
8  do with.  That's all I can say, ma'am.
9          THE COURT:  All right.  Anything for the
10 government?
11         MR. WHISONANT:  Your Honor, we made our
12 recommendation in the sentencing memorandum.  I have
13 nothing beyond that.  Although I would submit to the
14 court, it doesn't appear to me he was trying to help
15 Michael Bole --
16         THE COURT:  Speak up, if you would.
17         MR. WHISONANT:  It doesn't appear to me that
18 this defendant was trying to help Michael Bole out.  He
19 was trying to help himself out.
20         THE COURT:  That's what I think.  That's what
21 the evidence showed is it was a misguided -- not
22 misguided -- but a criminal attempt to try to help
23 yourself out in another case is what I think the
24 evidence showed, not that you were trying to help
25 Michael Bole.

1          I question whether a high end sentence is
2   sufficient, but I'm going to give you a high end
3   Guideline sentence consecutive to the sentence you are
4   currently serving.
5          I know you have a long history of mental health
6   issues, and I read in the presentence report, I don't
7   know, because it's self-reported, whether some of the
8   things in here are true or not, things like you say that
9   your father frequently hit you on your head in order to
10  toughen you up, that you were hit with a rock on your
11  head at age six.
12         You have a long history of a lot of things.  As
13  you pointed out, destruction of property, setting fires,
14  attacking students during your school years.  You have a
15  long history of things.  I'm not sure what kind of
16  mental health issues you have, but you understand what
17  you're doing.  That's what I think, and that's what was
18  found when you were found competent to stand trial.
19         And you've done this before, regrettably.  I
20  don't know that this is going to stop you.  You may be
21  the kind of person, and I don't get many people in front
22  of me that I think can't learn and be redeemed.  There
23  are not many people that I think that about, and I'm not
24  saying that you're one.  I hope that somehow you're
25  going to say, well, you know what, I don't want to spend

1   the rest of me life in prison, but your history shows
2   that you just -- you don't learn from your mistakes.
3          And I hope maybe this time you can.  But it
4   doesn't show me that you're learning since you stand up
5   here and lie to me about your involvement because I
6   heard the testimony.  And I think the jury reached the
7   right verdict, and I think the government proved your
8   guilt beyond a reasonable doubt.
9          And yet, despite all that, you stand up to me
10  today and say you didn't do it, and you were helping
11  Michael Bole and you're not guilty of this.  In any
12  event, the jury has found otherwise, and I believe they
13  absolutely made the right decision.
14         And what you did can be terrifying to people.
15  It's terrifying to people who receive these letters,
16  even if they eventually quickly learn that maybe the
17  substance is not hazardous.  So the first thing is the
18  harm to the victim psychologically for what you do.  The
19  second thing is the enormous cost your crimes cost the
20  government when they have to come in and shut down
21  buildings and evacuate people and take care of what they
22  have to treat as a deadly substance.  It's just
23  outrageous, Mr. Dodd.  And I hope that you will not do
24  this again from prison or when you get out of prison.
25         All right.  Although the court has the

1  authority to impose a sentence other than that
2  recommended by the Advisory Guidelines, the court finds
3  no reason to depart from the sentence called for by
4  application of the Guidelines inasmuch as the facts as
5  found are the kind contemplated by the Sentencing
6  Commission.
7             Pursuant to the Sentencing Reform Act of 1984,
8  it is the judgment of the court that the defendant,
9  Clifton Lamar Dodd, is hereby committed to the custody
10 of the Bureau of Prisons to be imprisoned for a term of
11 60 months, which is the statutory maximum as to Counts
12 One, Four, Five and Six, and a term of 135 months as to
13 Counts Two, Three and Seven.  Again, that's the high end
14 of the Guidelines, which I think is appropriate in this
15 case.  So 135 months as to Counts Two, Three and Seven
16 separately with each count to be served concurrently
17 with the other.
18            Actually, let me see probation.
19            (Brief pause)
20            THE COURT:  All right.  So the 60 months on
21 Counts One, Four, Five and Six and the 135 on Counts
22 Two, Three and Seven will be served concurrently to each
23 other, but the term of imprisonment imposed by this
24 judgment shall run consecutive to your term of
25 imprisonment pursuant to the judgment in U.S. District

1  Court for the Northern District of Alabama Case Number
2  10-156.
3        The court considered the Guidelines and took
4  them under advisement and finds that the sentence
5  imposed is sufficient but not greater than necessary to
6  comply with the statutory purposes of sentencing.  When
7  I say it's sufficient, I hope it is sufficient.  I hope
8  it's long enough to be sufficient.
9        The court finds the sentence imposed is
10 reasonable when considering the sentencing factors found
11 at 18, U.S. Code, Section 3553(a).  First, the nature
12 and circumstances of the offense and the history and
13 characteristics of the defendant.  As I mentioned a
14 minute ago, this crime is extraordinarily serious.  It
15 causes great concern and fear to the victims and
16 enormous cost to the responders.  You have done this
17 before.  You know it's illegal, and you've continued to
18 do it repeatedly.
19       The court finds that a lengthy sentence, the
20 highest possible Guideline sentence, is necessary to
21 reflect the seriousness of the offense, to promote
22 respect for the law and to provide just punishment.  It
23 is needed to afford adequate deterrence to your further
24 criminal conduct.  It's needed to protect the public
25 from further crimes of the defendant.

 1            The defendant is ordered to pay restitution in
 2   the amount of $1,693.58.  What paragraph is that in the
 3   presentence report?
 4            PROBATION OFFICER SOKOL:  117.
 5            THE COURT:  And the victim is the City of
 6   Birmingham Fire and Rescue Department, 1808 North
 7   Seventh Avenue, Birmingham, 35203, attention to the Cost
 8   for Hazardous Material Unit dispatched on April 4th,
 9   2011, to Jefferson County courthouse.  The amount of
10   restitution will be without interest.
11            The court has considered the information in the
12   presentence report concerning the defendant's financial
13   circumstances.  The court has relied on that information
14   and, in doing so, finds that the following manner and
15   schedule of payment are appropriate:
16            During the period of his incarceration, he is
17   to make payments of $50 per quarter.  Upon release from
18   imprisonment any remaining balance shall be paid in
19   monthly payments during the period of his supervision in
20   accordance with the financial Guidelines approved by the
21   court for use in this district and administered by the
22   probation office.  Payment is due in full no later than
23   the end of the defendant's term of supervision.  I'm not
24   imposing a fine due to the defendant's inability to pay
25   a fine.

    It is further ordered that the defendant shall pay to the United States a special assessment of $700. The assessment fee is due immediately.

    Upon release from imprisonment, the defendant is placed on supervised release for a term of three years as to Counts One through Seven separately and to run concurrently with each other. While on supervised release, he shall comply with the standard conditions of supervised release of record in this court and the following special conditions:

    One, based on the defendant's history of mental instability, he shall participate in a mental health program under the administrative supervision of his probation officer. The defendant shall contribute to the cost of mental health treatment unless his probation officer determines that he does not have the ability to do so. Second, to assist in the collection of restitution, the defendant shall not incur any new debts other than normal debts for utilities, rental expenses or mortgage payments or open any new lines of credit without permission of his probation officer unless he is in compliance with the payment of the monetary obligations ordered.

    Is there any objection from any party as to the findings of fact, the calculations, the sentence or

Case 2:13-cr-00154-SLB-JEO   Document 61   Filed 03/25/14   Page 15 of 17

15

```
 1  manner in which the sentence was pronounced or imposed?
 2  Anything from the United States?
 3           MR. WHISONANT:  No, Your Honor.
 4           THE COURT:  Anything for the defendant?
 5           MR. STEEN:  No, Your Honor.
 6           THE COURT:  Mr. Dodd, you have the right to
 7  appeal the sentence imposed within 14 days if you
 8  believe that the sentence is in violation of the law.
 9  Do you have any questions about your sentence?
10           THE DEFENDANT:  No, ma'am.
11           THE COURT:  All right.  Thank you.  Mr. Steen?
12           MR. STEEN:  Your Honor, could we make one
13  request to the court?
14           THE COURT:  Yes.
15           MR. STEEN:  If at all possible, while he's
16  incarcerated, can he get into some kind of mental health
17  program there that would help him also?
18           THE COURT:  Can I make that recommendation that
19  he be considered for placement in a facility where he
20  can receive treatment for mental health issues?
21           PROBATION OFFICER SOKOL:  Yes, ma'am.  You can
22  ask that he be evaluated for a mental health program and
23  see if --
24           THE COURT:  I will make the recommendation that
25  he be evaluated for consideration for placement in a
```

1  facility where he can receive treatment for mental
2  health issues.
3           MR. STEEN:  Thank you, Your Honor.
4           THE COURT:  Thank you.
5           (Court adjourned.)

17

C E R T I F I C A T E

I hereby certify that the foregoing transcript in the above-styled cause is true and correct.

Date: 3/25/2014

*Julie A. Martin*

Julie A. Martin, RMR, CRR

Federal Official Court Reporter